# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

U.S. DISTRICT COURT
N.E. OF ALABAMA

|  |  |  |
|---|---|---|
| DANIEL WAYNE WRIGHT, | ] | |
| Plaintiff, | ] | |
| vs. | ] | |
| | ] | CV-99-N-1748-S |
| HANNA STEEL CORPORATION, | ] | |
| Defendant. | ] | |

**ENTERED**

DEC 1 5 2000

## MEMORANDUM OF OPINION

In an order entered August 31, 2000, this court assessed damages against Hanna Steel and ordered the plaintiff to provide an itemized schedule of the total sum due, to which defendant could and did respond. The court then allowed the plaintiff to reply to defendant's response to the itemized schedule, and the plaintiff filed a reply brief. Therefore, the issue before the court has been fully briefed and is ripe for decision. The court awards damages to the plaintiff Daniel Wayne Wright in the amount of $115,509.92. This amount was determined by adding $93,075.00 (COBRA penalties) plus $24,025.00 (attorneys' fees) plus $583.78 (filing fees and depositions), minus $2,173.86 (offset for premiums plaintiff would have paid to defendant).

## I.    COBRA Penalties

The following COBRA penalties were awarded by the court in an order entered August 31, 2000:

A.    For liability to Daniel Wayne Wright:                    $41,062.50

($75.00 per day x 365 days x 1.5 years)



B.      For liability to Donna G. Wright:                                    $41,062.50

($75.00 per day x 365 days x 1.5 years)

C.      For liability to both of Daniel Wayne Wright's children: $10,950.00

(($10.00 per day x 365 days x 1.5 years) x 2)

D.      Total COBRA penalties:                                          $93,075.00

## II.    Attorneys Fees

This court ordered the award of attorneys' fees incurred by the plaintiff in ascertaining the plaintiff's COBRA rights, informing the defendant of its obligation under COBRA, and obtaining reimbursement for unpaid medical bills.  Although defendant paid plaintiff's medical claims in October 1998, the plaintiff has sought throughout this litigation to inform the defendant of its obligation under COBRA.  Plaintiff's counsel, as expressed in their reply brief, have gone to great lengths to determine how much time was spent on COBRA claims, as compared to the time spent on state law claims and time attributed to claims against Blue Cross.  Plaintiff is awarded $24,025.00 for attorneys fees.

## III.   Costs

Plaintiff requests a total of $1,988.66[1] for filing fees, depositions, and "case expenses."  Defendant does not dispute the costs for filing fees or depositions, but does dispute plaintiff's request for "case expenses."  The defendant's challenge to these expenses is valid.  Plaintiff does not specify what is included in these expenses.  Moreover, although the plaintiff diligently filed with the court its records of time and expenses, it is not

---

[1]  Plaintiff arrives at the requested amount using the following formula: $150 (filing fees) + $536.80 (depositions) + $1,531.59 ("case expenses") = $2,218.39 - $229.73 (15% attributed to claims against Blue Cross) = $1,988.66.

the responsibility of the court to attempt, without the aid of counsel, to determine what has been included in "case expenses" using these records.  Further, if the court tried to do so, the court would be unable to accomplish the task as most of the time and expense records filed with the court do not specify the reason for the expense, i.e. the purpose of photocopies, postage, etc. *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir.  1994) ("The court did not err in disallowing the photocopying costs.  Plaintiffs did not present required evidence regarding the documents copied including their use or intended use.").  The plaintiff is awarded $583.78.[2]

IV.     **Offset to defendant**

This court ordered that "[t]he defendant is entitled to recover the value of the premiums paid on behalf of the Wright family.  The defendant shall file a statement of the premiums paid on behalf of the Wright family after plaintiff's termination."   (Order at 2.) Hanna Steel argues that the offset equals $8,226.00, the amount the company paid to self-insure[3] the Wrights for the 18 month period after Daniel Wayne Wright's termination. According to Hanna Steel, it is owed $457.00 for each of the eighteen months the Wrights were covered by the plan.  The amount represents the cost for Hanna Steel to continue coverage for the Wrights in the plan each month.  This amount is different, however, than what the plaintiff would have paid Hanna Steel to continue his family's participation in the plan. During the last month plaintiff worked for Hanna Steel, Hanna Steel deducted $120.77

---

[2] $150.00 (filing fee) + $536.80 (depositions) = $686.80 - $103.02 (15% attributed to claims against Blue Cross) = $583.78.

[3] According to Hanna Steel, the plan was a self-insured medical plan, and therefore the company did not pay premiums to a third party insurance company.  Instead, Blue Cross/Blue Shield adjusts claims for Hanna Steel. On a monthly basis, BC/BS pays medical claims for Hanna Steel's employees and their beneficiaries and BC/BS submits a bill to Hanna Steel for the claims paid.  Hanna Steel then remits payment to BC/BS.

from plaintiff's paycheck as payment for his family's participation in the health plan. Using a monthly payment amount of $120.77, if the plaintiff had paid for the following 18 months of coverage he received, he would have paid $2,173.86 to defendant.

Plaintiff argues he should only pay $1,820.01. Plaintiff derives this number from the amount plaintiff would have paid for health insurance while he worked at Alabama Windshield and Johnson Controls during the 18 month period in question.[4] Both plaintiff and defendant have missed the mark. As stated in this court's Memorandum of Opinion explaining the court's ruling on the cross-motions for summary judgment:

> The defendant states in its amended answer that it is "entitled to an offset for the value of the premium payments Plaintiff did not pay during the time Hanna Steel provided him health insurance coverage . . . ." Amended Answer (Doc. No. 20) at 2. The court agrees. Even though the plaintiff asserts that "[t]he Wrights did not ask the defendant to provide the group health plan coverage, especially given the fact that the Wrights would have been covered under The Glass Doctor Plan," the plaintiff also asserts that "the Wrights most likely would have appreciated the opportunity to obtain COBRA coverage from July 1998 through September 1998." Movant's initial submission (Doc. No. 33) at 19-20. Accordingly, the court finds that the Wright family did indeed receive a benefit from the defendant when it paid their premiums and the defendant is entitled to recover the value of the premiums paid on behalf of the Wright family.

(Memorandum of Opinion at 16.) The premiums the plaintiff would have paid amount to $2,173.86, and this is the amount the court shall offset the damages awarded to the plaintiff.

---

[4] Plaintiff would have paid approximately the same amount to Alabama Windshield as he paid to Hanna Steel, but plaintiff would have paid approximately half as much to Johnson Controls during the few months he worked there.

An appropriate judgment will be entered with this memorandum of opinion.

Done, this __15 th__ of December, 2000.


EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE